IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MERRILL PRIMACK,  )<br>  )<br>      Plaintiff,  )<br>  )<br>v.  )<br>  )<br>FREDERICK J. HANNA & ASSOCIATES,  )<br>P.C.,  )<br>  )<br>      Defendant.  ) | Case No.: 10-cv-03388<br><br>Judge: Milton I. Shadur<br><br>Magistrate Judge Sheila M. Finnegan |

**AMENDED ANSWER AND AMENDED**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES the Defendant, FREDERICK J. HANNA & ASSOCIATES, P.C., (hereinafter "Hanna"), by and through its attorneys, David M. Schultz and Daniel R. Degen, for its amended answer and amended affirmative defenses to Plaintiff's Complaint, states as follows:

**INTRODUCTION**

1. Plaintiff Merrill Primack brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Frederick J. Hanna & Associates, P.C. ("Hanna"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

**ANSWER:** **Defendant admits that Plaintiff filed a lawsuit purporting to state a violation of the FDCPA. In further answering the allegations contained in Paragraph 1, Defendant denies that it violated the FDCPA or engaged in any unlawful collection practices and denies that Plaintiff is entitled to any relief.**

## VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

**ANSWER:** **Though the Defendant denies any violation of the FDCPA, Defendant admits federal court jurisdiction for any properly pled causes of action.**

3. Venue and personal jurisdiction in this District are proper because:

 a. Defendant's collection communications were received by plaintiff within this District;

 b. Defendant does or transacts business within this District.

**ANSWER:** **Defendant admits that venue is proper here. Defendant is without information or knowledge sufficient to form a belief as to where Plaintiff received any collection communications from Defendant. Defendant admits that it transacts business within this District.**

## PARTIES

4. Plaintiff Merrill Primack is an individual who resides in the Northern District of Illinois.

**ANSWER:** **Upon information and belief, Defendant admits the allegations contained in Paragraph 4.**

5. Defendant Hanna is a law firm organized as a professional corporation with offices at 1427 Roswell Road, Marietta, GA 30062.

**ANSWER:** **Admit.**

6. Hanna is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

**ANSWER:** **Defendant denies that the allegations in this paragraph accurately characterize the nature and scope of Defendant's business. Defendant admits that a significant portion of its business includes the collection of debts. Defendant denies the remaining allegations, if any, contained in paragraph 6**

7. Hanna is a debt collector as defined in the FDCPA.

**ANSWER:** **Defendant admits that in certain circumstances it acts as a "debt collector" as defined under the FDCPA. In further answering the allegations contained in paragraph, Defendant lacks knowledge or information sufficient to form a belief as to whether it acted and/or contacted Plaintiff as a debt collector in an attempt to collect a consumer debt because it lacks knowledge or information sufficient to form a belief as to the purpose for which Plaintiff incurred the underlying debt. Defendant denies the remaining allegations, if any, contained in Paragraph 7.**

## FACTS

8. Hanna has been attempting to collect from plaintiff two separate Chase credit card debts. Both alleged debts are for personal, family or household use and not for business purposes.

**ANSWER:** **Defendant admits attempting to collect on alleged debts incurred by Plaintiff. Defendant admits attempting to collect from Plaintiff on two separate Chase credit card debts. Defendant lacks knowledge or information sufficient to form a belief as to whether it acted and/or contacted Plaintiff as a debt collector in an attempt to collect a consumer debt because it lacks knowledge or information sufficient to form a belief as to the purpose for which Plaintiff incurred the underlying debts. Defendant denies the remaining allegations, if any, contained in Paragraph 8.**

130010216v1 913904 46181

9.      On May 10, 2010, defendant sent an initial demand letter to plaintiff for each debt.  The letters are attached as <u>Exhibits A and B.</u>

**ANSWER:    Defendant admits that it sent two (2) letters to Plaintiff on or about May 10, 2010.  Defendant further states that attached as Exhibits A and B to Plaintiff's Complaint are redacted copies of the letters Defendant sent to Plaintiff.**

10.     On May 17, 2010, plaintiff, by counsel, sent defendant two letters informing defendant that plaintiff was represented and disputing the claimed debts.  The letters are attached as <u>Exhibits C and D.</u>  The letters were initially attempted to be sent by fax, but could not be transmitted.  They were thereupon sent by certified mail.  The Postal Service delivered both of them to defendant on May 20, 2010, as shown by <u>Exhibits E and F.</u>

**ANSWER:    Defendant admits that Plaintiff, by counsel, sent two letters to Defendant.  Those two letters were dated May 17, 2010.  Defendant states that attached as Exhibits C and D to Plaintiff's Complaint are redacted copies of the letters Plaintiff sent to Defendant, both bearing the date May 17, 2010.  Defendant is without knowledge or information sufficient to admit or deny the allegation that the letters were initially attempted to be sent by fax, but could not be transmitted.  Defendant did not receive the letters by fax.  Defendant admits that both of the letters were sent via certified mail.  Defendant admits receipt of both letters on May 20, 2010.  Defendant admits that attached as Exhibits E and F of Plaintiff's Complaint are copies of on-line confirmations of delivery of the letters sent via certified mail.**

11.     Defendant's representatives did not cease direct communications with plaintiff.  Plaintiff received voicemail messages from defendant on May 24, 2010 and May 25, 2010.

**ANSWER:    Defendant denies the allegations contained in Paragraph 11.**

130010216v1 913904 46181

## COUNT I — FDCPA

12. Plaintiff incorporates 1-11.

**ANSWER: Defendant repeats and restates its responses to the allegations contained in its answers to paragraphs 1 through 11 of Plaintiff's Complaint as if fully stated herein.**

13. Defendant violated 15 U.S.C. §1692g, by continuing to contact plaintiff without verifying the debt.

**ANSWER: Defendant denies the allegations of paragraph 13 of Plaintiff's Complaint.**

14. Section 1692g provides:

**§ 1692g. Validation of debts**

(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

    **(1)** the amount of the debt;

    **(2)** the name of the creditor to whom the debt is owed;

    **(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    **(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    **(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

5

(b)     Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c)     Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d)     Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

(e)     Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [26 USCS §§ I et seq.], title V of Gramm-Leach-Bliley Act [15 USCS §§ 6801 et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

**ANSWER:     Defendant admits that paragraph 14 of Plaintiff's Complaint attempts to paraphrase certain portions of the FDCPA. In further answering, Defendant denies that it violated the FDCPA and denies the remaining allegations, if any, of paragraph 14 of Plaintiff's Complaint.**

130010216v1 913904 46181

15. Defendant violated 15 U.S.C. § 1692c by contacting a represented party directly.

**ANSWER:** Defendant denies the allegations of paragraph 15 of Plaintiff's Complaint.

16. Section 1692c provides:

> **§ 1692c. Communication in connection with debt collection**
>
> **(a) Communication with the consumer generally.** Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-
>
> . . . (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;
> ...

**ANSWER:** Defendant admits that paragraph 16 of Plaintiff's Complaint attempts to paraphrase certain portions of the FDCPA. In further answering, Defendant denies that it violated the FDCPA and denies the remaining allegations, if any, of paragraph 16 of Plaintiff's Complaint.

## AMENDED AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

For its First Affirmative Defense, Defendant states that Plaintiff has failed to state a claim upon which relief can be granted.

WHEREFORE, Defendant, FREDERICK J. HANNA & ASSOCIATES, P.C. prays that Plaintiff's Complaint be dismissed with prejudice, for its attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

Respectfully submitted,


/s/ Daniel R. Degen
David M. Schultz
Daniel R. Degen
Attorneys for Defendant Frederick J. Hanna
& Associates, P.C.
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
Telephone: 312-704-3000
Facsimile: 312-704-3001

130010216v1 913904 46181

## **CERTIFICATE OF SERVICE**

 I hereby certify that on September 8, 2010, I electronically filed the above and foregoing **AMENDED ANSWER AND AMENDED AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of the U.S. District Court, using the CM/ECF system reflecting service of to be served on all parties of record.

              HINSHAW & CULBERTSON LLP

| | |
|---|---|
| David M. Schultz, ARDC Number 6197596 | s/ *Daniel R. Degen* |
| Daniel R. Degen, ARDC Number 6296199 | Daniel R. Degen |
| Hinshaw & Culbertson LLP | |
| 222 N. LaSalle Street, Suite 300 | |
| Chicago, Illinois 60601 | |
| 312-704-3000 | |
| dschultz@hinshawlaw.com | |
| ddegen@hinshawlaw.com | |

130010216v1 913904 46181