IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MERRILL PRIMACK, )<br>                                        )<br>           Plaintiff,           )<br>                                        )<br>      v.                              )   No. 10 C 3388<br>                                        )<br>FREDERICK J. HANNA & ASSOCIATES,)<br>P.C.,                                 )<br>                                        )<br>           Defendant.           ) | |

MEMORANDUM ORDER

Frederick J. Hanna & Associates ("Hanna") has filed its Amended Answer ("AA") and Amended Affirmative Defense ("AD") to the Complaint brought against it by Merrill Primack ("Primack") under the Fair Debt Collection Practices Act. That filing has brought to this Court's attention some problematic aspects of Hanna's pleading that, although they were also posed by Hanna's original filing, this Court failed to note at that time.

To begin with, AA ¶2 responds to Primack's straightforward jurisdictional allegation in this fashion:

> Though the Defendant denies any violation of the FDCPA, Defendant admits federal court jurisdiction for any properly pled causes of action.

That response is doubly defective. For one thing, an asserted denial of the merits of Primack's claim is simply irrelevant to the jurisdictional issue, so it is stricken. And what is meant by the hedge "for any properly pled causes of action"? "Causes of action" have their place in state law litigation, but not federal--see, e.g., NAACP v. Am. Family Mut. Ins. Co., 978 F.2d

287, 291-93 (7th Cir. 1992) and last month's opinion in Hatmaker v. Memorial Med. Ctr., No. 09-3002, 2010 WL 3385191 at *1 (7th Cir. Aug. 30). And of course "properly pled" is just a back-door equivalent of AD 1 (of which more later). In summary, Answer ¶2 is stricken in its entirety, with leave granted to file a proper replacement on or before September 27, 2010.

Next, Complaint ¶¶14 and 16 set out direct quotations from the statute on which Primack seeks to rely--yet Hanna's counsel responds to those quotations by admitting that those paragraphs "attempt[ ] to paraphrase certain portions of the FDCPA." Really? Just look up the meaning of "paraphrase." In addition, Hanna's counsel again goes on to disclaim any statutory violations and deny "the remaining allegations, if any"--of which there are none. Both those paragraphs of the Answer are accordingly stricken, once more with leave granted to file corrected responses (presumably flat-out admissions).

Finally, AD 1 asserts the equivalent of a Fed. R. Civ. P. 12(b)(6) motion. If Hanna's counsel really contends that the Complaint's allegations, with the necessary favorable inferences drawn in Primack's favor, are vulnerable in that respect, a properly supported motion must be filed. In the meantime, AD 1 is stricken.

                                      _____
                                      Milton I. Shadur
                                      Senior United States District Judge

Date:  September 16, 2010